**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:
A.P. LIQUIDATING CO., f/k/a
APEX GLOBAL INFORMATION
SERVICES, INC.,

        Debtor,

                       Case No.  05-73090

v.

                       HONORABLE DENISE PAGE HOOD

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS and THE
LIQUIDATING AGENT of A.P. LIQUIDATING
CP., f/k/a APEX GLOBAL INFORMATION
SERVICES, INC.,

        Plaintiffs,

v.

QWEST COMMUNICATIONS
CORPORATION,

        Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Leave to Appeal the Bankruptcy Court's Opinion and Order Granting Defendant's Motion to Strike Jury Demand.

**II.    STATEMENT OF FACTS**

Plaintiffs, the Official Committee of Unsecured Creditors and the Liquidating Agent of A.P. Liquidating Co., filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on February 25, 2000. (Pls.' Br. Mot. For Leave at 1). On June 26, 2000, Plaintiffs filed a Combined

Plan of Reorganization and Disclosure Statement, which was confirmed on August 9, 2000. *Id.* Defendant, Quest Communications Corporation, filed a proof of claim on June 30, 2000. *Id.* Plaintiffs filed a objection to the proof of claim, and also identified and reserved the right to bring causes of action against the Defendant on May 1, 2001. *Id.* Defendant filed a motion to withdraw its proof of claim on September 7, 2001. *Id.* The bankruptcy court granted the withdrawal without prejudice on November 2, 2001. *Id.* at 2. Plaintiffs filed the Complaint in Bankruptcy Court on March 29, 2002, *Id.*, alleging breach of contract, fraud and intentional interference with prospective economic relations. (Bankr. Ct. Op. at 2). Plaintiffs also filed a demand for jury trial on March 29, 2002. (Pls.' Br. Mot. For Leave at 2). Defendant filed a motion to dismiss the adversary proceeding, which was granted by the Bankruptcy Court on October 2, 2002. *Id.*

Plaintiffs appealed the Dismissal Order. *Id.* The District Court reversed the dismissal and remanded the proceeding to the Bankruptcy Court on June 12, 2003. *Id.* Defendant filed a motion to strike jury demand on April 5, 2005. *Id.* On July 27, 2005 the Bankruptcy Court granted Defendant's Motion to Strike the Jury Demand. *Id.* at 3. Plaintiffs filed a Notice of Appeal and a Motion for Leave to Appeal the Bankruptcy Court's Opinion and Order Granting Defendant's Motion to Strike Jury Demand on August 10, 2005.

**III.   STANDARD OF REVIEW**

The district court has jurisdiction over appeals from final orders of the bankruptcy court in core proceedings. 28 U.S.C. § 157(b)(1) and 158(a)(1). A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, while its conclusions of law are reviewed *de novo*. *Mapother & Maporther, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 476-477 (6th Cir. 1996); Bankr.R. 8013. Where a bankruptcy court's determination involves a mixed question of fact and

law, the district court "must break it down into its constituent parts and apply the appropriate standard of review for each part." *Wesbanco Bank Barnesville v. Rafoth (In Re Baker & Getty Fin. Servs., Inc.)*, 106 F.3d 1255, 1259 (6th Cir. 1997)(quoting *Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993)).

IV.    **APPLICABLE LAW & ANALYSIS**

    A.    **Interlocutory Appeal**

District courts may hear appeals of interlocutory orders from the bankruptcy courts, with leave of the court. 28 U.S.C. § 158(a)(3). The discretion of the district court should be used sparingly, "since interlocutory bankruptcy appeals should be the exception, rather than the rule." *United States v. Trustee v. PHM Credit Corp. (In re PHM Credit Corp.)*, 99 B.R. 762, 767 (E.D. Mich. 1989). Since section 158 (a) "contains no criteria to guide the exercise of this discretion, district courts have looked to circuit court standards governing interlocutory appeals in 28 U.S.C. § 1292(b)." *Id*. The Sixth Circuit has required four elements in order for a district court to permit an appeal of an interlocutory order:

> This court in its discretion may permit an appeal to be taken from an order certified for interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Review under § 1292(b) is granted sparingly and only in exceptional cases.

*West Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002) (internal citations omitted). The burden is on the appellant to establish exceptional circumstances that warrant review of an interlocutory order. *In re Dow Corning Corp.*, 255 B.R. 445 (E.D. Mich. 2000).

In order for a question to be controlling, it must be shown that there is substantial ground for

difference of opinion, *In re Lott*, 424 F.3d 446, 449 (6th Cir. 2005), and that an immediate appeal may materially affect the outcome of the litigation. *Rafoth v. National Union Fire Ins. Co. (In re Baker & Getty Fin. Servs., Inc.)*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992) (quoting *Arizona v. Ideal Basic Indus. (In re Cement Antitrust Litigation)*, 673 F.2d 1020, 1026 (9th Cir. 1981); *Id.* Controlling questions of law involve abstract legal issues, "rather than merely [issues] that might be free from a factual contest." *Sigma Financial Corp. v. American Int'l Specialty Lines Ins. Co.*, 200 F.Supp.2d 710, 724 (E.D.Mich. 2002). A controlling question of law may regard "an order transferring or refusing to transfer an action, a stay of the action pending the appeal, the right to a jury trial, disqualification of counsel, or even discovery." *In re Brentwood Golf Club L.L.C.*, 329 B.R. 239, 242 (E.D.Mich. 2005).

As the current matter involves the right to a jury trial, the Bankruptcy Court's Order Striking the Jury Demand raises a controlling question of law.

The second element is a question of whether or not there exists substantial ground for difference of opinion regarding the correctness of the decision. Plaintiffs assert that the Bankruptcy Court's Opinion is inconsistent with the Supreme Court's decision in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). Under the Seventh Amendment, the right to a jury trial is preserved in suits at common law not suits in equity. *Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1328 (2d Cir. 1993). The creditor's filing of a claim against a bankruptcy estate triggers the process of allowance and disallowance of claims, thereby subjecting the creditor to the equitable power of the court. *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990).

The Supreme Court in *Granfinanciera*, held that a person who has been sued by a trustee in bankruptcy to recover an allegedly fraudulent monetary transfer and has not submitted a claim

against the bankruptcy estate has a right to a jury trial. *Granfinanciera*, 492 U.S. at 36. The Court further held that a creditor's right to jury trial on a bankruptcy trustee's preference claim is dependent on whether the creditor submitted a claim against the estate. *Id*. at 58. Where a creditor has not submitted a claim, the action does not "arise as part of the process of allowance and disallowance of claims," and as such the creditor is entitled to a jury trial. *Id*.

The Bankruptcy Court held that the Defendant creditor has filed a proof of claim, and as such the Plaintiffs did not have a right to a jury trial. Plaintiffs claim that the Bankruptcy Court erroneously held that the Defendant had filed a claim, because Defendant withdrew its proof of claim before the adversary proceeding began. The Bankruptcy Court further held that although the Defendant withdrew his proof of claim before the adversary proceeding was commenced, the doctrine of judicial estoppel bars the Plaintiffs from arguing that the lawsuit is not integrally related to the allowance of a claim. (Bankr. Ct. Op. at 4).

The Plaintiffs have shown that there was substantial grounds upon which one could question the correctness of the Bankruptcy Court's decision, based on the determination of whether the Defendant was considered to have filed a claim where the proof of claim was withdrawn before the adversary proceedings began.

The final element concerns whether an immediate appeal may materially advance the ultimate termination of the litigation. Plaintiffs assert that an immediate appeal will advance the termination of this litigation by avoiding a bench trial that may be overturned on appeal. Plaintiffs claim that such a result is a waste of court resources and the parties' time and expenses. As such, Plaintiffs have shown that the immediate appeal of this action may materially advance the ultimate termination of this litigation.

Since the Plaintiffs have shown a controlling issue of law, a substantial ground upon which one could question the correctness of the Bankruptcy Court's decision and that the immediate appeal of the current action may materially advance the ultimate termination of the litigation, the Court GRANTS the Plaintiffs' Motion for Leave to Appeal the Bankruptcy Court's Opinion and Order Granting Defendant's Motion to Strike Jury Demand.

**B.     Jury Demand**

The Bankruptcy Court noted that the Plaintiff had previously argued to the district court that its causes of action against the Defendant Qwest were preserved in the Plan as part of the Claim Objection Process and the district court agreed. The Bankruptcy Court went on to quote the district court's June 13, 2003 opinion at pages 6 and 7:

> "The language of the Order confirming the Plan, the Objections filed by the Liquidating Agent and the Order withdrawing the Proof of Claim by Qwest preserved Appellant's right to file a claim against Qwest. The Confirmation Order specifically reserved the Appellant's right to explore any Objections against Qwest's Proof of Claim, in light of the fact that Qwest's proof of claim was filed about 30 days prior to the entry of the Confirmation Order. The Confirmation Order was not a final decision on any subsequent claims filed by the Liquidating Agent. The first element to establish res judicata has not been met."

(July 27, 2005 Bankr. Ct. Op. at 4)(quoting the June 13, 2003 District Court Opinion at 6 - 7).

The Bankruptcy Court found that the Plaintiff was therefore barred from "arguing that this lawsuit is not integrally related to the allowance of a claim simply because Qwest has withdrawn its claim." (Bankr. Ct. Op. at 4) "The doctrine of judicial estoppel protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding." *Reynolds v. Comm'r,* 861 F.2d 469,472 (6th Cir. 1988) (citing *Edwards v. Aetna Life Insurance Co.,* 690 F.2d 595,598 (6th Cir.); *Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208,212 (1st Cir. 1987)).

6

The Bankruptcy Court concluded that it was bound by the conclusion of the district court that the claims asserted in this lawsuit are part of the claims resolution process in the bankruptcy court. This Court having reached that conclusion agrees that the Bankruptcy Court is so bound. Plaintiffs argued on appeal that the claims were a part of the Objection to Claims process and cannot now argue to the contrary. As such, there is no right to a jury trial as Plaintiffs' claims are part of the claims resolution process. See *Granfinanciera,* 492 U.S. at 41; *Langenkamp,* 498 U.S. at 44-45.

## V.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiffs' Motion for Leave to Appeal the Bankruptcy Court's Opinion and Order Granting Defendant's Motion to Strike Jury Demand **[Docket No. 1, filed August 10, 2005]** is GRANTED.

**IT IS FURTHER ORDERED** that the Bankruptcy Court's Opinion Regarding Defendant's Motion to Strike Jury Demand is AFFIRMED.

**IT IS ORDERED** that this matter is REMANDED to the Bankruptcy Court for further proceedings.

S/Denise Page Hood
Denise Page Hood
Dated:  September 29, 2006                United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2006, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager